THE TOWN OF MONTCLAIR v. SAMUEL L. BREWSTER ET
AL., AND BOARD OF ASSESSORS.

Argued June 3, 1915—Decided April 12, 1916.

The power conferred by section 71 of the Town act upon municipal
councils to revise the action of boards of assessors in assessing
the cost of public improvements upon lands and real estate
benefited thereby, is limited to those assessments which are made
the subject of objection before council by the owners of property
upon which such assessments are made, and does not warrant
council in sending back to the board for alteration or correction
assessments which are accepted as fair and just by all parties
interested therein.

On return of alternative writ of *mandamus.*

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE
and BERGEN.

For the relator; *Charles 'H. Hartshorne.*

For the respondent, *Howe & Davis.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The relator is a municipal
corporation organized under an act entitled "An act provid-
ing for the formation, establishment and government of
towns." *Comp. Stat., p.* 5518. The respondents constitute
the board of assessors of the municipality.

The council of Montclair having provided by ordinance for
the paving, curbing and guttering of one of its public streets
known as North Fullerton avenue, and the improvement
having been completed at a cost of $8,970.58, the defendant
board made an assessment of that cost upon the lands specially
benefited by the improvement, the total amount so assessed
being $6,155.98. Having made the report of their action to
council, a public hearing was thereupon afforded by that body

to property owners who objected to the confirmation thereof; and at that hearing a number of such owners attacked the assessments laid upon their respective properties upon the ground that they were excessive. After the close of the hearing, and after taking time to consider the objections made before it, council resolved "that the aggregate assessable benefits conferred upon the lands specially benefited by the improvement did not exceed the sum of $4,844.11," and returned the report to the defendant board with the direction that it be revised and corrected in accordance with that resolution. The board of assessors thereupon further considered its original action, and, concluding that the assessments made by it were not in excess of the benefits received by the property assessed, refused to make the alteration in its report directed by council. That body now seeks the mandate of this court to compel the board of assessors to obey its instruction.

The duty of the board of assessors to assess the cost of municipal improvements upon property benefited thereby, and the power of council to compel the board to revise its assessment, are, both, established by the seventy-first section of the statute under which the town is organized. That section provides that the board of assessors, after the completion of an improvement, shall ascertain the cost thereof, and, so far as it can be done, assess such cost "upon lands and real estate specially benefited by the improvement in proportion to the benefit received," and when this has been done, file with the town clerk a report of their work accompanied by a map showing what lots or parcels of land are specially benefited, the amount assessed upon each lot or parcel, and the name of the owner thereof. A day and place is then required to be fixed for a public hearing, and notice thereof given; and at the time and place so fixed council is required to "consider any objections to such report, map and assessment presented in writing on or before" the day named in the notice, and are further, "after considering such report, map and assessment, and such objections as may have been presented against the same, to confirm the said report, map and assessment, or if

deemed necessary return the same to the board of assessors for revision and correction;" and the board is then required to correct and revise its report without unnecessary delay.

The general rule, in considering assessments for benefits received from municipal improvements, is that the report of the assessment commissioners will not be set aside unless clearly shown to be excessive or otherwise erroneous. *Hunt* v. *Rahway*, 39 *N. J. L.* 646; *Simmons* v. *Passaic*, 55 *Id.* 485; *Moran* v. *Jersey City*, 58 *Id.* 144; *S. C. on error, Id.* 653. Bearing this rule in mind, in considering the extent of the power of review intended to be conferred upon the council by the latter part of section 71, we think it clear that so far as the assessments themselves are concerned, it is limited to the hearing of specific objections made by the complaining lot-owners, and to the determination of the soundness of those objections. If specific assessments are objected to, and are clearly shown to be excessive, it is the function of council to return the report to the board for the correction thereof, so far as it relates to those assessments; but, as to assessments which are not complained of, which are accepted as fair and just by all parties interested in the matter, we think the determination of the board of assessors is beyond the power of review by the town council.

It follows, therefore, that the order of the council in the present case which, in effect, vacates not only the assessments laid against the property of objecting owners, but also those the fairness of which had not been challenged, and which required a complete reassessment of the cost of improving North Fullerton avenue, is in excess of the power of review conferred upon the council by the statute, and that the board of assessors was under no obligation to recognize it.

The respondents are entitled to judgment upon the return.